UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AXIOBIONICS, LLC,

        Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,

        Defendant.

Case No. 11-13304

Honorable Julian Abele Cook, Jr.

ORDER

In this case, the Plaintiff, Axiobionics, LLC, in citing to the Michigan No-Fault Act, Mich. Comp. Laws § 500.3101 et seq., initiated this lawsuit in an effort to obtain monies in the form of a reimbursement from the Defendant, State Farm Mutual Automobile Insurance Co. ("State Farm"), for the medical services and devices that it provided to four insureds of the Defendant; namely, Kerrie Wolfe, Billy Joe McKelvey, Joshua Holt, and Nathan Koehler.

This civil action, after being filed in the Wayne County Circuit Court of Michigan, was subsequently removed by State Farm to this Court on the basis of its diversity jurisdiction, 18 U.S.C. §§ 1332, 1441. Axiobionics has now challenged the propriety of removal by filing a motion to remand which is currently pending before the Court.

I.

Axiobionics commenced this lawsuit on December 6, 2010, and the summons and a copy of the complaint were served on State Farm on December 10. Pursuant to Michigan state court

1

rules, M.C.R. 2.111(B)(2) (prohibiting plaintiffs from stating a specific amount of damages if sum sought to be obtained exceeds $25,000.00), Axiobionics did not specify its damages, instead alleging only that its damages exceeded $25,000. At a July 1, 2011, hearing on a motion to compel discovery filed by State Farm, Axiobionics submitted a response brief in which it stated that State Farm had denied payment of "approximately $76,000.00 due" for services and devices provided to these insureds. Representing that this was the first time it was on notice that Axiobionics' claim exceeded the jurisdictional threshold, State Farm removed this action on July 28.

Axiobionics timely filed a motion to remand the matter to the state court, alleging that it seeks only $74,885 in damages and, therefore, this Court lacks subject matter jurisdiction. Axiobionics has attached to its motion to remand the bills that it submitted to State Farm for the services and devices it provided to the four individual insureds. Axiobionics states that these bills demonstrate that the amount-in-controversy requirement has not been satisfied. However, the sum of the attached bills is $76,530. It also refers the Court to its answer to question five of State Farm's interrogatories, in which it states that its total damages claim is $74,885.[1] The Court notes that its answers to questions one through four - which request Axiobionics to identify and state the price of each product, service, and accommodation it provided to each of the four individual insureds - also do not match the amounts reflected in the bills. There are discrepancies among the three sets of figures for each of the four insureds.[2]

---

[1] It is not clear from the record when Axiobionics provided these responses to State Farm. However, this must have occurred no earlier than July 1, 2011 - the date of the hearing on State Farm's motion to compel production of these responses.

[2] The relevant figures for each individual insured, with the amount listed in interrogatory 5 first, interrogatories 1-4 second, and billed last, are as follows: (1) Wolfe: $25,295; $25,295; $27,840; (2) McKelvey: $6,000; $11,500; $6,000; (3) Holt: (1) $19,295; $19,295; $18,795; and

II.

Federal court jurisdiction premised on diversity of citizenship is proper if (1) the parties are completely diverse and (2) the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. 28 U.S.C. § 1332. In removed cases, the amount in controversy is determined "from the vantage point of the time of removal." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). As a general matter, a notice of removal must be filed within thirty days of the date when the defendant receives a copy of the complaint. 28 U.S.C. § 1446(b). However, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." *Id.*

"A defendant seeking to remove a case to federal court bears the burden of establishing jurisdiction, and [t]he notice of removal is to be strictly construed, with all doubts resolved against removal." *Borg v. Sears Roebuck & Co.*, No. 07-12927, 2007 WL 4239258, at *5 (E.D. Mich. Nov. 30, 2007) (quoting *Durant v. Servicemaster Co.*, 147 F. Supp. 2d 744, 747-48 (E.D. Mich. 2001)) (internal quotation marks omitted). Where, as here, the face of the complaint does not establish that the jurisdictional amount has been satisfied, the removing defendant "has the burden of proving by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional amount." *Durant*, 147 F. Supp. 2d at 748; *see also, e.g.*, *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 160 (6th Cir.1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) (even if plaintiff does not challenge removing defendant's allegations of

---

(4) Koehler: $24,295; $24,295; $23,895.

jurisdictional facts, "the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of the evidence"). "[S]peculation or a 'mere averment' that an award of damages may exceed $75,000 is not enough." *Borg*, 2007 WL 4239258, at *5 (quoting *Gafford*, 997 F.2d at 160). Rather, the party who seeks to effect the removal "must set forth specific facts which form the basis of its belief that there is more than [$75,000] at issue in the case." *Thompson v. Fritsch*, 966 F. Supp. 543, 545 (E.D. Mich. 1997). However, a removing party's burden to establish the jurisdictional amount should not be so high as to "require [it] to research, state and prove the plaintiff's claim for damages." *Gafford*, 997 F.2d at 159.

III.

In the case that is now before this Court, the parties dispute whether the amount in controversy requirement has been satisfied. State Farm submits that its notice of removal was filed within thirty days after it first learned that the case was removable under 28 U.S.C. § 1446(b). While acknowledging that it was in possession of many bills from Axiobionics regarding the four insureds' claims, State Farm argues that it could not have known what portion of those bills Axiobionics would seek to recover in this lawsuit.[3] For example, it notes that one of more of the above-named insureds may have paid for all or a part of the billed amount personally or through a different insurer. Thus, State Farm submits that the amount in controversy was not clear - and thus, in its opinion, the case was not removable - until Axiobionics declared that "approximately $76,000 [was] due" from State Farm. The Court agrees. If State Farm had attempted to remove this

---

[3]As noted above, the amount that Axiobionics claims is in controversy is *not* the figure that is reflected in these bills.

matter based only upon the complaint and the assorted bills, the likely outcome would have been a remand for failure to prove by a preponderance of the evidence that the amount-in-controversy requirement had been satisfied.

State Farm also contends that, even taking as true Axbionics' present claim that it seeks damages in the amount of $74,885, the amount-in-controversy requirement would still be satisfied because it is seeking statutory No-Fault penalty interest and attorney fees. *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007) ("As a general rule, attorneys' fees are excludable in determining the amount in controversy for purposes of diversity, unless the fees are provided for by contract or where a statute mandates or expressly allows the payment of such fees."); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.3d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorney's fee can be considered in determining whether the jurisdictional amount is met.").

Here, the relevant statutory provisions "expressly allow[] the payment" of the requested penalty interest and attorney fees if certain conditions are met. Mich. Comp. Laws §§ 500.3142 ("Personal protection insurance benefits are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained. . . . An overdue payment bears simple interest at the rate of 12% per annum."), 500.3148(1) ("An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment."). In its complaint, Axiobionics has alleged that these conditions have been met. (*See* Compl. ¶¶15 ("[State Farm's]

delay in payment is unreasonable and unjustified such that it is subject to No-Fault penalty interest pursuant to [§] 500.3142."), 16 ("[State Farm's] continued refusal, failure and/or delay in rendering payment to [Axiobionics] is unreasonable and subjects it to an award of No-Fault penalty attorney fees pursuant to [§] 500.3148."). Therefore, State Farm is correct that these amounts can be included in the amount-in-controversy analysis. Assuming that Axiobionics' damages claim is only for $74,885, consideration of either the statutory penalty or statutory attorney fee plainly bring this amount over the $75,000 threshold.[4] Thus, State Farm has met its burden of demonstrating by the preponderance of the evidence that the amount-in-controversy requirement was satisfied at the time of removal.

IV.

For the reasons that have been set forth above, Axiobionics' motion to remand (ECF No. 3) is denied.

IT IS SO ORDERED.

Date: January 23, 2012                  s/Julian Abele Cook, Jr.
                                                                                                                     JULIAN ABELE COOK, JR.
                                                                                                                     U.S. District Court Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on January 23, 2012

                                                                                                                                s/ Kay Doaks
                                                                                                                                Case Manager

---

[4]For the same reasons discussed above, even with these additional fees, State Farm could not have shown this to have been true any time prior to July 1, 2011, because it did not know what portion of the billed amounts Axiobionics sought from it.