UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AXIOBIONICS, LLC,

      Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,

      Defendant.

Case No. 11-13304

Honorable Julian Abele Cook, Jr.

## ORDER

This lawsuit was initiated by the Plaintiff, Axiobionics, LLC, pursuant to the Michigan No-Fault Act, Mich. Comp. Laws § 500.3101 *et seq.*, in an effort to obtain a reimbursement from the Defendant, State Farm Mutual Automobile Insurance Co. ("State Farm"), for the medical services and devices that it provided to four insureds of the Defendant; namely, Kerrie Wolfe, Billy Joe McKelvey, Joshua Holt, and Nathan Koehler.

This civil action, after being filed in the Wayne County Circuit Court of Michigan, was subsequently removed by State Farm to this Court on the basis of its diversity jurisdiction, 18 U.S.C. §§ 1332, 1441. Currently before the Court is State Farm's motion for a partial summary judgment and attorney's fees. For the reasons stated below, this motion will be granted in part and denied in part.

I.

Axiobionics manufactures a medical product which is commercially known as a Wearable Therapy system. This system consists of various components that are custom-made for each patient. Once assembled, it is designed to provide the patient with therapeutic electrical

stimulation. This stimulation assists the patient with pain relief, helps to maintain muscle mass, and improves limb and muscle functions.

The owner of Axiobionics, Phil Muccio, owns a second company, named Bioflex, which offers the exact same therapeutic devices and services provided by Axiobionics. Muccio formed Bioflex first, but later, after moving from Ohio to Michigan, he decided to create a new company - Axiobionics - rather than simply change the name of Bioflex. He has since transitioned away from Bioflex and now conducts the majority of his business under the name of Axiobionics. Bioflex continues to exist as an entity but remains dormant.

This lawsuit was filed by Axiobionics but concerns the Wearable Therapy systems that had been provided by Axiobionics and Bioflex to the four insureds, each of whom claim to have suffered a catastrophic injury in an automobile accident. Bioflex made the devices that were ultimately used by McKelvey, Koehler, and Holt, while Axiobionics made the devices for Wolfe. At the time of injury, each patient held an individual No-Fault automobile insurance policy issued by State Farm. State Farm was billed for the evaluations and devices provided to each of the insureds, but ultimately denied these claims.

Services or products provided to the insureds on the following dates have not been reimbursed by State Farm. Koehler was evaluated by Bioflex on October 7, 2008 and received his Wearable Therapy on December 30, 2008. Holt received his Wearable Therapy products from Bioflex on August 6, 2008. Wolfe was provided with her Wearable Therapy by Axiobionics on August 19, 2010.

McKelvey was evaluated by Bioflex on two different occasions and provided with two separate products. The expenses incurred for the first evaluation and the first Wearable Therapy

system have been paid by State Farm. He was evaluated a second time on November 29, 2009 and supplied with a second medical device on December 15, 2009. State Farm has not provided reimbursement for the 2009 expenses.

On December 6, 2010, Axiobionics initiated this action in Wayne County Circuit Court of Michigan under the name of Axiobionics, formerly known as Bioflex, Inc.[1]

II.

The purpose of the summary judgment rule, as reflected by Federal Rule of Civil Procedure 56, "is to isolate and dispose of factually unsupportable claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The entry of a summary judgment is proper only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties." *Aqua Grp., LLC v. Fed. Ins. Co.*, 620 F. Supp. 2d 816, 819 (E.D. Mich. 2009) (citing *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)). In order for a dispute to be genuine, it must contain evidence upon which a trier of the facts could find in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 560 (6th Cir. 2004). When assessing a request for the entry of a summary judgment, a court "must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432,

---
[1] Bioflex is not a party in this lawsuit.

1435 (6th Cir. 1987). The entry of a summary judgment is appropriate if the nonmoving party fails to present evidence which is "sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Thus, the moving party has the initial obligation of identifying those portions of the record that demonstrate the absence of any genuine issue of a material fact. *Celotex*, 477 U.S. at 323. Thereafter, the nonmoving party must "come forward with some probative evidence to support its claim and make it necessary to resolve the differences at trial." *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991); *see also Anderson*, 477 U.S. at 256. The presence or the absence of a genuinely disputed material fact must be established by (1) a specific reference to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or (2) a "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

III.

State Farm moves for partial summary judgment on the basis of the following arguments: (1) all claims related to Holt and Koehler as well as the November 24, 2009 claim of McKelvey should be dismissed for violating the one-year-back rule and (2) all claims related to Holt, Koehler, and McKelvey should be dismissed because the products and services were

provided by Bioflex, rather than Axiobionics, and Bioflex is not a party to this lawsuit. Additionally, State Farm requests attorney's fees pursuant to Mich. Comp. Laws § 500.3148(2).

Under Michigan law, a claimant is barred from recovering benefits for any loss incurred more than one year prior to the commencement of a civil action. This limitation, known as the "one-year-back rule," is codified in Mich. Comp. Laws § 500.3145(1), which reads as follows:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. *However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.*

Mich. Comp. Laws § 500.3145(1) (emphasis added).

A health care provider, such as Axiobionics, who submits a claim for personal injury protection insurance benefits is a "claimant" within the meaning of the No-Fault Act. *Lakeland Neurocare Ctrs. v. State Farm Mut. Ins. Co.*, 645 N.W.2d 59, 63 (Mich. Ct. App. 2002). Thus, Axiobionics is subject to the one-year-back rule as found in Mich. Comp. Laws § 500.3145(1).

*See Henry Ford Health Sys. v. Titan Ins. Co.*, 741 N.W.2d 393, 395 (Mich. Ct. App. 2007).

Axiobionics asserts that State Farm should not be permitted to avail itself of the one-year-back rule because it fraudulently delayed a decision on whether to pay for the devices until the expiration of the one-year period. The Court interprets this argument as a request for equitable tolling. Several years ago, the Michigan Supreme Court interpreted Mich. Comp. Laws § 500.3145(1) as permitting a court to equitably toll the limitations period during the time in which a claim is processed by the insurer. *See Lewis v. Detroit Auto. Inter-Insurance Exch.*, 393 N.W.2d 167, 171 (Mich. 1986). However, this holding was overruled by *Devillers v. Auto Club Ins. Ass'n*, 702 N.W.2d 539, 556-58 (Mich. 2005), which held that the one-year-back rule in a majority of the affected cases is not subject to equitable tolling. However, the *Devillers* court left open the possibility that a court could equitably toll the limitations period in the instance of "fraud, mutual mistake, or any other 'unusual circumstance.'" 702 N.W.2d at 556. Thus, in order to determine if Axiobionics is entitled to equitable tolling of the one-year-back rule, the Court must consider its allegation of fraud.

Axiobionics, despite not having advanced a claim of fraud in the original complaint, seeks leave to add it pursuant to Fed. R. Civ. P. 15(a)(2), (c). The Federal Rules of Civil Procedure state that leave to amend should ordinarily be freely granted. Fed. R. Civ. P. 15(a)(2). However, if a proposed amendment would not survive a motion to dismiss, an application for leave to amend may be rejected as being futile. *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980).

Under Michigan law, a claimant who seeks to bring a claim of fraud against an insurer must demonstrate that (1) the insurer made a material misrepresentation; (2) it was false; (3) the

6

insurer knew it was false when made or else made it recklessly, without any knowledge of its truth and as a positive assertion; (4) the insurer intended that the claimant should act upon it; (5) the claimant did in fact act in reliance upon it; and (6) the claimant suffered an injury. *Id.* at 448. "Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery." *Cooper v. Auto Club Ins. Ass'n*, 751 N.W.2d 443, 448 (Mich. 2008) (citing *Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813 (Mich. 1976)).

The *Cooper* court indicated that most claimants would be unable to satisfy the reliance requirement. To prevail, the claimants "must show that any reliance on the insurer's representations was reasonable." *Id.* at 451. Reliance is not reasonable if the claimant "has full knowledge to the contrary of a representation." *Id.* The court expressly noted that claimants "will ordinarily be unable to establish the reliance element with regard to misrepresentations made during the claims handling . . . process, because during [this process] the parties are in an obvious adversarial position and generally deal with each other at arm's length." *Id.* at 452.

In this case, after Bioflex filed its claims for reimbursement for the Holt and Koehler claims, it was informed by State Farm via letter that no determination had been made as to whether the claims were eligible for reimbursement and the claims remained under consideration. *See* Pl. Mot. Ex. A, B. Axiobionics alleges that State Farm fully intended to deny the claims but sent the letters with the hope that it would delay a lawsuit until the claims were officially denied after the expiration of the one-year period. Axiobionics also contends that it - after relying upon State Farm's misrepresentations that the insurance claims remained under consideration - has suffered because its valid claims are, arguably, time-barred.

This argument is unavailing. Even if State Farm intended to fraudulently induce Axiobionics into delaying its lawsuit, Axiobionics is unable to establish that its reliance was reasonable. The initial letters from State Farm, in which it announced that the claims remained under consideration, also stated in bold letters the following:

> Please be aware according to Michigan No-Fault Law, an action for recovery of personal injury protection benefits must be commenced within one year after the most recent allowable expense, work loss, replacement service or survivor's loss has been incurred. However, the injured party may not recover benefits for any portion of the loss incurred more than one year before the date on which the action was commenced.

Pl. Mot. Ex. A, B.[2] As State Farm expressly informed Axiobionics about the one-year-back rule and the consequences of delaying litigation, Axiobionics has no valid claim of detrimental reliance. The request for leave to amend the complaint is therefore denied as futile. Having determined that Axiobionics cannot successfully maintain an action for fraud, the Court has no basis on which to exercise its equitable powers to toll the one-year-back rule.

Axiobionics originally filed this lawsuit in the Wayne County Circuit Court on December 6, 2010. By law, the one-year-back rule bars any claims that were incurred prior to December 6, 2009. As Koehler and Holt were provided with evaluations and medical devices in

---

[2] The content of these letters may be considered under a motion to dismiss standard because they must necessarily be referenced in the proposed amended complaint. *See Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (document that is referred to in complaint and central to plaintiff's claim may be considered on motion to dismiss).

2008, all of the claims concerning these two insureds are barred. Although the November 24, 2009 evaluation of McKelvey is similarly barred, the December 15, 2009 claim relating to the McKelvey's Wearable Therapy system may proceed. The claim related to Wolfe also remains viable.

Axiobionics also contends that the claim for McKelvey dated November 24, 2009 should remain viable because the bill for its evaluation was not issued to him until the following month (namely, December 15th), within the allowable time frame. This argument misinterprets the meaning of the one-year-back rule. The statute is clear that the one-year period begins on the date an expense is incurred. Mich. Comp. Laws § 500.3145(1). An expense is incurred when the insured becomes liable for the charge. *See Proudfoot v. State Farm Mut. Ins. Co.*, 673 N.W.2d 739, 743 (Mich. 2003). Axiobionics reports that the charge for November 24, 2009 was for its medical evaluation of McKelvey - not for the device itself. Thus, McKelvey became liable for the charge - and the expense was incurred - on the date when the evaluation was conducted.

State Farm next argues that all claims related to services and products provided by Bioflex should be dismissed because Bioflex is not a plaintiff in this lawsuit.[3] It is the view of State Farm that Axiobionics, as a separate company, did not incur any expenses related to the services or products provided by Bioflex. Hence, State Farm submits that it is unable to collect any such payments under the No-Fault Act.

Axiobionics, in acknowledging the existence of this defect, seeks leave to amend its

---

[3] The only surviving claim in which an expense was allegedly incurred by Bioflex is the December 15, 2009 claim related to McKelvey.

9

complaint to add Bioflex as a plaintiff pursuant to Fed. R. Civ. P. 15(a)(2). Leave to amend should be freely given unless the proposed amendment would prove futile. Thus, the issue here is whether an amended complaint with the addition of Bioflex as a plaintiff would relate back to the date on which the complaint was originally filed or if it would constitute a new filing. If the proposed amended complaint would constitute a new filing, the one-year-back rule would serve as a bar to the December 15, 2009 claim and render the proposed amendment futile.

The plain language of Rule 15(c)(1)(C) authorizes, in certain situations, the relation back of an amendment seeking to change the name of a defendant, but it does not explicitly address the addition of a new plaintiff. *See Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010). "Although various courts have extended the relation-back provisions of Rule 15(c)(1)(C) to amendments changing identities of plaintiffs, the type of 'changes' permitted are limited to corrections of misnomers or misdescriptions." *Id.* at 318-19 (internal citations omitted).

In *Young v. Lepone*, 305 F.3d 1, 16 (1st Cir. 2002), a case cited in *Asher,* the First Circuit held that such a correction is permissible "when the original plaintiffs and the new plaintiffs have a 'sufficient identity of interest' or 'a fairly advanced degree of privity.'" *Asher*, 596 F.3d at 319 (citing *Young*, 305 F.3d at 16). "The substitution of such parties after the applicable statute of limitations may have run is not significant when the change is merely formal and in no way alters the known facts and issues on which the action is based." *Young*, 305 F.3d at 15 (internal quotation marks omitted) (quoting *Staren v. Am. Nat'l Bank & Trust Co.*, 529 F.2d 1257, 1263 (7th Cir. 1976)). An example of plaintiffs holding a

"sufficient identity of interest" are "'related corporations whose officers, directors, or shareholders are substantially identical and who have similar names or share office space, past and present forms of the same enterprise.'" *Id.* (quoting *Hernandez Jimenez v. Calero Toledo,* 604 F.2d 99, 103 (1st Cir.1979)); *see also Warpar Mfg. Corp. v. Ashland Oil, Inc.*, 102 F.R.D. 749, 750-51 (N.D. Ohio 1983) (permitting amendment of complaint to add sister corporation for select claims that were revealed post-filing to involve sales by sister corporation rather than original plaintiff); *cf. Asher*, 596 F.3d at 319 (amendment adding plaintiff does not relate back when adding new parties and new claims in attempt to circumvent statute of limitations).

Here, Axiobionics and Bioflex share a sufficient identity of interest to permit the amended complaint to relate back to the filing date of the original complaint. These two companies share the same owner and the same working space. They are forms of the same commercial enterprise in that Bioflex - now dormant - is essentially the prior incarnation of Axiobionics. Furthermore, there is no evidence that Axiobionics is attempting to add new claims to the original complaint, and such a proposed modification of the pleading would not alter any of the facts or theories of the case. This appears to be facially a matter of changing the name for a selected claim from Axiobionics to Bioflex. Inasmuch as such an amendment will not cause any prejudice to State Farm, the Court will and does grant Axiobionics' request to amend the complaint in which Bioflex is added as a party to this litigation. Furthermore, the Court also determines that this amendment will relate back to the original filing date of December 6, 2010.

Finally, State Farm seeks an award of attorney fees for those claims that are related to

Koehler, Holt, and McKelvey pursuant to Mich. Comp. Laws § 500.3148(2). The statute provides that "[a]n insurer may be allowed by a court an award of a reasonable sum against a claimant as an attorney's fee for the insurer's attorney in defense against a claim that was in some respect fraudulent or so excessive as to have no reasonable foundation." Mich. Comp. Laws § 500.3148(2). State Farm offers two reasons that - in its opinion - support an award of attorney fees; namely, (1) the expenditures supporting these claims were incurred by Bioflex, not Axiobionics, and (2) the claims are time-barred by the one-year-back rule. As to the first point, the distinction between Bioflex and Axiobionics will be remedied by this amendment to the complaint wherein Bioflex is added as a plaintiff. As to the second point, although the defense of the one-year-back rule ultimately prevailed, there is no indication as of this date that these claims were fraudulent or brought in bad faith. State Farm's request for attorney's fees is denied.

## IV.

For the reasons that have been set forth above, State Farm's motion for summary judgment (ECF No. 42) is granted with respect to all claims related to Koehler, Holt, and McKelvey, with the exception of McKelvey's claim of December 15, 2009, and denied as applied to the remainder. Axiobionics' request for leave to amend the complaint is granted with respect to the addition of Bioflex as a plaintiff and denied with regard to the addition of a claim for fraud in the inducement. State Farm's request for attorney fees is denied.

IT IS SO ORDERED.

Date:   February 25, 2013                    s/Julian Abele Cook, Jr.
                                             JULIAN ABELE COOK, JR.
                                             United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 25, 2013

                                             s/ Kay Doaks
                                             Case Manager

13