UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


AXIOBIONICS, LLC,

               Plaintiff,

v.

                                       Case No. 11-13304

STATE FARM MUTUAL AUTOMOBILE     Honorable Julian Abele Cook, Jr.
INSURANCE CO.,

               Defendant.


<u>ORDER</u>

      This lawsuit was initiated by the Plaintiff, Axiobionics, LLC, pursuant to the Michigan No-Fault Act, Mich. Comp. Laws § 500.3101 et seq., in an effort to obtain a reimbursement from the Defendant, State Farm Mutual Automobile Insurance Co. ("State Farm"), for the medical services and devices that it provided to four insureds of the Defendant: namely, Kerrie Wolfe, Billy Joe McKelvey, Joshua Holt, and Nathan Koehler.

      Originally filed in the Wayne County Circuit Court of Michigan, this civil action was subsequently removed by State Farm to this Court on the basis of its diversity jurisdiction, 18 U.S.C. §§ 1332, 1441. Axiobionics challenged this removal on the ground that the amount in controversy requirement of § 1332 was not satisfied. However, after considering the arguments of both parties, the Court determined that (1) the amount in controversy requirement exceeded $75,000 and (2) jurisdiction was proper.

      On February 25, 2013, the Court issued an order which granted a summary judgment in favor of State Farm with respect to all claims related to Koehler and Holt. As a result, the amount

in controversy has been reduced to $31,295. Axiobionics has now filed a motion to remand this matter to Wayne County Circuit Court of Michigan because it claims that the Court lost subject matter jurisdiction when the recoverable amount fell below the statutory limit of $75,000.

Federal court jurisdiction premised on diversity of citizenship is proper if (1) the parties are completely diverse, and (2) the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. "A defendant seeking to remove a case to federal court bears the burden of establishing jurisdiction, and [t]he notice of removal is to be strictly construed, with all doubts resolved against removal." *Borg v. Sears Roebuck & Co.*, No. 07-12927, 2007 WL 4239258, at *5 (E.D. Mich. Nov. 30, 2007) (quoting *Durant v. Servicemaster Co.*, 147 F. Supp. 2d 744, 747-48 (E.D. Mich. 2001)) (internal quotation marks omitted). In removed cases, the amount in controversy is determined "from the vantage point of the time of removal." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). "Because jurisdiction is determined as of the time of removal, events occurring after removal that reduce the amount in controversy do not oust jurisdiction." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.").

In this case, at the time of removal, the Court determined that the amount in controversy exceeded the statutory threshold of $75,000 and denied Axiobionics' motion to remand. (ECF No. 14).[1] The fact that the amount in controversy subsequently fell below the minimum does not divest

---

[1]It appears that Axiobionics is now attempting to re-litigate some issues that were raised in its prior motion to remand. The Court is satisfied that its previous Order is correct and will not revisit arguments that it has considered and rejected.

the Court of jurisdiction.

For the reasons that have been set forth above, Axiobionics' motion to remand (ECF No. 50) is denied.


IT IS SO ORDERED.

Date: October 24, 2013                        s/Julian Abele Cook, Jr.
                                              JULIAN ABELE COOK, JR.
                                              U.S. District Judge


**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on October 24, 2013.


                                        s/ Kay Doaks
                                        Case Manager